# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
### (Eastern Division)

| | |
|---|---|
| **In re** <br><br> **CASHMAN EQUIPMENT CORP.,**[1] <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 17-12205-MSH** <br><br> **Jointly Administered** |

### ORDER AUTHORIZING SALE OF CERTAIN VESSELS
### FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS

The Court having conducted a hearing on September 13, 2017 on the *Motion For an Order Authorizing the Debtors (A) to Sell Vessels in the Ordinary Course of Business, (B) to Distribute Sale Proceeds, and (C) to Grant Substitute Liens* (the "Sale Motion") [doc. no. 128] filed by Cashman Equipment Corp. ("CEC"), Cashman Scrap & Salvage, LLC ("CSS"), Servicio Marina Superior, LLC ("SMS") and Cashman Canada, Inc. ("CCI", and together with CEC, CSS, and SMS the "Debtors"); and the Court, at the request of the Debtors and other interested parties having continued the hearing on the Sale Motion except as it relates to the Pending Sales (as defined below); and the Court having considered the proffers submitted and the arguments of counsel made at the hearing held on September 13, 2017; and it appearing to the Court that authorizing the consummation of the Pending Sales is fair and reasonable, in the best interests of the Debtors, their estates, and their creditors; and for good and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:**

---

[1] The Debtors in these jointly administered Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

A. On June 9, 2017 (the "Petition Date"), the Debtors filed voluntary petitions with this Court for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases filed by the Debtors are referred to herein as the "Cases."

B. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Cases.

C. This Court has jurisdiction over these proceedings, and the persons and properties affected hereby, pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the standing order of reference codified in LR D, Mass. 201. The Cash Collateral Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

D. On June 28, 2017, the United States Trustee for the District of Massachusetts (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Cases pursuant to Section 1102 of the Bankruptcy Code.

E. The Debtors request the entry of an order authorizing the consummation of the sales of the following vessels (collectively the "Pending Sales") free and clear of liens, claims and interests: (a) JMC 4 to Pacific Tugboat Service, (b) JMC 86 and JMC 29 to M&M Electrical Services, LLC, (c) JMC 126 to Conway Marine Construction, Inc., (d) JMC 127 to Conway Marine Construction, Inc., (e) JMC 628, JMC 633, JMC 634, JMC 635, JMC 636, JMC 637, JMC 639 and JMC 642 to Gravoris Aluminum Boats, LLC, and (f) JMC 154 to Shimmick/FCC/Impregilio JV (collectively the "Buyers").

F. All of the foregoing vessels (collectively the "Vessels") are subject to liens asserted by Rockland Trust Company ("RTC"), Starr Indemnity & Liability Company and/or Great American Insurance Company (collectively the "Insurers")..

G.   The Debtors have provided the terms of the Pending Sales and certain of sale documents to RTC and the Committee (collectively, these sale documents and all other documents, agreements and instruments evidencing the Pending Sales are referred to as the "Sale Documents"). RTC, the Committee and the Insurers do not object to or assent to the Pending Sales.

H.   The consummation of the Pending Sales is in the best interests of the Debtors, their bankruptcy estates and their creditors.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   The Debtors are authorized to consummate the Pending Sales to the Buyers substantially in accordance with the Sale Documents. To the extent that Sale Documents have not been provided to RTC as of the entry of this Order, such Sale Documents shall be: (i) provided by the Debtors to RTC as soon as practicable after the entry of this Order and at least three (3) business days prior to closing on any related Pending Sale, and (ii) in form and substance reasonably acceptable to each of RTC and the Debtors. Such sales shall be free and clear of liens, claims and interests.

2.   The Debtors shall hold the proceeds of the Pending Sales in escrow pending further order of the Court. All liens on the Vessels shall attach, without the need for further action by any party, to the proceeds of the Pending Sales to the same extent, priority and validity as existed on the Petition Date.

3.  The Court has and will retain jurisdiction and power to enforce this order in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this order.

BY THE COURT

_____
Melvin S. Hoffman
United States Bankruptcy Judge

Dated: September 13, 2017

732761