**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| In re<br><br>CASHMAN EQUIPMENT CORP.,[1]<br><br>Debtor | Chapter 11<br><br>Case No. 17-12205-MSH<br><br>Jointly Administered |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**CONFIRMING MODIFIED THIRD AMENDED JOINT PLAN**
**OF REORGANIZATION OF CASHMAN EQUIPMENT**
**CORP., CASHMAN SCRAP & SALVAGE, LLC, SERVICIO**
**MARINA SUPERIOR, LLC, CASHMAN CANADA, INC.,**
**MYSTIC ADVENTURE SAILS, LLC, AND JAMES M. CASHMAN**

Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Mystic Adventure Sails, LLC, Cashman Canada, Inc. (collectively the "Corporate Debtors") and James M. Cashman ("Mr. Cashman", and together with the Corporate Debtors the "Debtors"), the debtors and debtors-in-possession in the above captioned jointly administered proceedings, having filed the *Modified Third Amended Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman* (the "Plan") [doc. no. 1158] and the *Modified Third Amended Disclosure Statement With Respect to Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman*

---

[1] The debtors in these jointly administered Chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

(the "Disclosure Statement") [doc. no. 1159]; and the Court having entered an order approving

the Disclosure Statement dated November 5, 2018 (the "Disclosure Statement Order") [doc. no.

1167]; and upon the certificates of service reflecting compliance with the notice requirements of

the order approving the Disclosure Statement (collectively the "Certificates of Service") filed by

the Debtor; and a hearing having been held on confirmation of the Plan on December 11, 2018

(the "Confirmation Hearing"); and upon the evidence submitted and the arguments of counsel

made at the Confirmation Hearing; and the Court having reviewed all documents in connection

with confirmation of the Plan and having heard all parties desiring to be heard; and upon the

record compiled in the Bankruptcy Case,[2] and after due deliberation and consideration of all of

the foregoing; and sufficient cause appearing therefor; the Court hereby makes the following

findings of fact, conclusions of law and order (the "Confirmation Order"):

**FINDINGS OF FACT:**

      **I.**      **JURISDICTION AND VENUE.**

      A.      This Court has jurisdiction over the Bankruptcy Cases pursuant to 28 U.S.C. §§

1334(a) and 157(b)(1).  Venue of these proceedings and the Bankruptcy Case in this district is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).

      B.      As established through the Certificates of Service, the Debtors provided good and

sufficient notice of the Confirmation Hearing and the deadline for filing and serving objections

to the Plan and/or the assumption and assignment of any executory contract or unexpired lease.

---

[2] Capitalized terms not otherwise defined in this Confirmation Order shall have the meanings attributed to them in the Plan.

751708

## II.      BACKGROUND.

C.      The Plan is a joint plan filed by the Debtors.

D.      On June 9, 2017 (the "Petition Date"), each of the Debtors filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Court").  The Debtors continue to operate their businesses and manage their assets as debtors in possession as authorized by Sections 1107(a) and 1108 of the Bankruptcy Code.

E.      On June 28, 2017, the Office of the United States Trustee (the "US Trustee") appointed an official committee of unsecured creditors (the "Committee").

F.      The Plan contemplates the restructuring of the Debtors' debts and finances and the payment of Allowed Claims through the Debtors' continued operations.

G.      The Disclosure Statement Order, among other things, (i) fixed November 30, 2018 as the deadline for submitting ballots on the Plan,[3] (ii) fixed December 4, 2018 as the deadline to object to confirmation of the Plan, and (iii) established certain procedures for soliciting and tabulating votes with respect to the Plan.

H.      As is evidenced by the Certificates of Service, the Debtors timely mailed the Disclosure Statement, the Plan, the Disclosure Statement Order and a ballot (the "Solicitation Package") to creditors and parties-in-interest.

I.      Notice of the Confirmation Hearing and service of the Solicitation Package and the Disclosure Statement Order was adequate and in accordance with Bankruptcy Rule 2002(b).

---

[3] Solely with respect to the Lenders (as defined below), this deadline was extended at the Debtors' request to December 5, 2018, and then again to December 6, 2018 as a result of the Court's closing on December 5, 2018.

751708

J.       The Debtors filed a *Report of Plan Voting with Respect to Modified Third Amended Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman* (the "Voting Report") [docket no. 1234] showing the results of the voting on the Plan, and amended the Voting Report at docket number 1242.

K.       The Debtors filed the following affidavits in support of confirmation of the Plan (the "Confirmation Affidavits"): (i) *Affidavit of James M. Cashman in Support of Confirmation of Modified Third Amended Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman* [doc. no. 1236]; and (ii) *Affidavit of Richard Whitlock in Support of Confirmation of Modified Third Amended Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman* [doc. no. 1237].

L.       The Allowed Secured Claims of the Lenders constitute approximately eighty-five percent (85%) of the total Claims against the Debtors.  The Plan provides for a mechanism whereby a Lender can elect to become an Agreed-Claim Lender if the Lender and the Debtors can, among other things, agree to the amount of the Lender's contract interest and fees and costs that are reimbursable under Section 506(b) of the Bankruptcy Code.  The Debtors have reached agreements with the Lenders (except MARAD) so that all Lenders (except MARAD) will be Agreed-Claim Lenders for all purposes under the Plan.  Stipulations detailing these agreements (the "Lender Stipulations"), which are operative pursuant to the Plan without the need for Court adjudication, have been timely filed with this Court under Section 4.1(c)(i)(11) of the Plan.

4

751708

M.     The Plan Supplement was filed at docket number 1241 on December 10, 2018.

N.     On December 5, 2018, Rockland Trust Company filed a limited objection to the

Plan to reserve its rights as to Plan Implementation Documents (defined below) not yet complete.

All of the other Lenders except MARAD filed joinders to this limited objection.  Those

objections are resolved by the entry of this order, and are therefore moot.

O.     Except as set forth in paragraph N, no creditors or parties in interest objected to

confirmation of the Plan.  The Court concluded the Confirmation Hearing on December 11,

2018.

### III.    COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE.

P.     Pursuant to Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan

designates various Classes of Claims and Classes of Equity Interests.  The Claims placed in each

Class are substantially similar to other Claims in each such Class, and the claims in each Class

are treated the same.  The Interests placed in each Class are substantially similar to other

Interests in each such Class, and the claims in each Class are treated the same.

Q.     The Debtors have complied with all applicable provisions of Section 1123(a) of

the Bankruptcy Code.

R.     The Plan complies with all applicable provisions of the Bankruptcy Code, as

required by Section 1129(a)(1) of the Bankruptcy Code.

S.     The Debtors have complied with all applicable provisions of the Bankruptcy Code

in accordance with Section 1129(a)(2) of the Bankruptcy Code.

T.     The Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code

because the Debtors proposed the Plan in good faith and not by any means forbidden by law.

751708

U.      Any payments made or to be made for services or for costs and expenses accruing

prior to Confirmation or in connection with the Bankruptcy Case have, to the extent required by

the Bankruptcy Code, been approved by, or are subject to the approval of, the Court.  Section

1129(a)(4) of the Bankruptcy Code has, therefore, been satisfied.

V.      The Debtors have disclosed that Mr. Cashman will continue to serve in his current

management role for each of the Reorganized Corporate Debtors and have disclosed Mr.

Cashman's compensation.  Mr. Cashman's continued employment by the Corporate Debtors is in

the best interest of the Corporate Debtors, their creditors and holders of Equity Interests.  No one

has objected to Mr. Cashman continuing in his management role.  The Plan therefore complies

with Section 1129(a)(5) of the Bankruptcy Code.

W.      With respect to each impaired Class of Claims against or Equity Interests in the

Debtors, each holder of an impaired Claim or Interest has accepted or is deemed to have

accepted the Plan, or will receive or retain under the Plan on account of such Claim or Equity

Interest property of a value, as of the Effective Date, that is not less than the amount such holder

would receive or retain if the Debtors were liquidated on the Effective Date under chapter 7 of

the Bankruptcy Code.  The Plan therefore complies with Section 1129(a)(7) of the Bankruptcy

Code.

X.      All Classes except Classes 4F (Chase Bank Secured Claim) and 22 A-F (Priority

Claims) were entitled to vote to accept or reject the Plan.  As is evidenced by the Voting Report,

all Classes except Class 23A (the claim of Cardi Corporation) voted to accept the Plan in

accordance with Section 1126 of the Bankruptcy Code or are deemed to have accepted the Plan

by the failure to vote on or object to the Plan.  *See In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263

(10th Cir. 1988) (nonvoting, non-objecting judgment lien creditor who was only member of class

6

deemed to have accepted plan of reorganization without further showing that plan did not

discriminate unfairly or that plan was fair and equitable); *see also In re Adelphia*

*Communications Corp.*, 368 B.R. 140, 260-62 (Bankr. S.D.N.Y. 2007) (same).  Cardi

Corporation ("Cardi"), the only creditor in Class 23A, voted to reject the Plan.  Cardi was the

only creditor who voted to reject the Plan.  Because all impaired Classes of Claims have not

accepted the Plan, the requirements of Section 1129(a)(8) of the Bankruptcy Code have not been

met.  *See* 11 U.S.C. § 1129(a)(8).  For the reasons set forth below, confirmation of the Plan is

nevertheless appropriate under Section 1129(b) of the Bankruptcy Code.

Y.      The Plan provides for treatment of Allowed Administrative Claims, and Priority

Tax Claims in the manner required by Section 1129(a)(9) of the Bankruptcy Code.  The Plan

therefore complies with Section 1129(a)(9) of the Bankruptcy Code.

Z.      An impaired Class of Claims has affirmatively voted to accept the Plan in each of

the Debtors' cases without including any acceptance of the Plan by any Insider.  The Plan

therefore complies with Section 1129(a)(10) of the Bankruptcy Code.

AA.     As is demonstrated by the Confirmation Affidavits, confirmation of the Plan is

not likely to be followed by the liquidation or the need for further reorganization of the Debtors.

The Plan therefore complies with Section 1129(a)(11) of the Bankruptcy Code.

BB.     Pursuant to Article II, Section 2.2 of the Plan, all quarterly fees due and payable

to the Office of the United States Trustee pursuant to Section 1930(a)(6) of Title 28 of the

United States Code shall be paid in full on or before the Effective Date.  Section 12.11 of the

Plan provides for the timely payment of fees due to the Office of the United States Trustee after

the Effective Date and until the Bankruptcy Case is closed.  Accordingly, Section 1129(a)(12) of

the Bankruptcy Code is satisfied.

7

751708

CC.    The Plan includes an agreement between Mr. Cashman and his ex-wife, Shannon

Cashman, regarding the payment of domestic support obligations, including any amounts that

became due after the Petition Date, and Section 1129(a)(14) of the Bankruptcy Code is therefore

satisfied.

DD.    In Mr. Cashman's case, Section 1129(a)(15) has been satisfied because: (i) the

value, as of the Effective Date, of the property to be distributed under the Plan on account of the

Claims against Mr. Cashman is not less than the amount of such Claims; and (ii) the value of the

property to be distributed under the Plan is not less than Mr. Cashman's projected gross income

during the period covered by the Plan.

EE.    Sections 1129(a)(6), (a)(13) and (a)(16) of the Bankruptcy Code are not

applicable to the Plan.

FF.    The primary purpose of the Plan is not the avoidance of taxes or the avoidance of

the requirements of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e), as amended.  The

Reorganized Debtors remain responsible to file post-Effective Date tax returns and pay post-

Effective Date taxes in accordance with applicable law.

GG.    The Plan requests confirmation pursuant to Section 1129(b) of the Bankruptcy

Code.  Class 23A, which consists of the non-priority unsecured Claim held by Cardi against

Cashman Equipment Corporation ("CEC"), voted to reject the Plan.  The Court previously

estimated Cardi's Claim, for voting and feasibility purposes only, at $9,632,279.[4]  The Debtors

have provided evidence, including projections, that demonstrate that the Plan is feasible based

upon the estimated Cardi Claim.  The Plan provides that if Cardi has an Allowed Claim, that

---

[4] The Debtors dispute the entirety of Cardi's Claim.

8

Claim will be paid in full with interest.  Cardi did not object to confirmation of the Plan and did

not appear at the Confirmation Hearing.  Section 1129(b)(2)(B)(i) of the Bankruptcy Code is

therefore satisfied.

### IV.    ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASES.

HH.    CEC is a party to unexpired leases with 41 Brooks Drive, LLC and M. Trompetto,

and Cashman Scrap & Salvage, LLC is a party to an unexpired lease with Ramos Investment

Company (collectively the "Leases").  The Plan provides for the assumption of the Leases.

Neither the counter-parties to the Leases, nor any other party, have objected to the assumption of

the Leases under the Plan.

II.    No creditors or parties in interest, including without limitation SMOC, AMSA

and T-Mobile, objected to the assumption and assignment of the Assumed Leases under the Plan

### ORDER

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1.    The Plan is confirmed pursuant to Section 1129 of the Bankruptcy Code.

2.    Notwithstanding any otherwise applicable law, immediately upon the entry of this

Confirmation Order, the terms of the Plan and this Confirmation Order are deemed binding upon

all Persons including any and all holders of Claims or Equity Interests, any and all non-debtor

parties to Executory Contracts and Unexpired Leases with the Debtors, and any and all entities

who are parties to or are subject to the releases, waivers, discharges and injunctions under the

Plan and the respective heirs, executors, administrators, successors or assigns of any of the

foregoing.

9

751708

A.      **CLAIMS BAR DATES AND OTHER CLAIMS MATTERS**

i.      **Bar Date for Administrative Expense Claims**

3.      All applications for reimbursement of expenses incurred before the Effective Date and all other requests or claims for payment of Administrative Expense Claims incurred on or before the Effective Date under Section 507(a)(1) or 507(b) of the Bankruptcy Code, other than the Professional Fee Claims, shall be filed with the Court on or before thirty (30) days after the Effective Date (the "Administrative Claim Bar Date").  Any holder of an Administrative Expense Claim, other than Professional Fee Claims, that fails to file and serve an application for allowance of such Claim on or before the Administrative Claim Bar Date shall be forever barred from asserting such Administrative Expense Claim against the Debtors, the Reorganized Debtors, the Debtors' estates or any of their property, and such Claim shall be discharged, released and waived in accordance with the Plan.

ii.      **Bar Date for Professional Fee Claims.**

4.      All applications for final compensation and reimbursement of Professional Fee Claims incurred before the Effective Date shall be filed and served on or before thirty (30) days after the Effective Date, unless otherwise ordered by this Court.

iii.      **Bar Date for Rejection Damages Claims and Related Procedures.**

5.      Upon the Effective Date, all of the Debtors' executory contracts and unexpired leases shall be assumed as set forth in the Plan.  Entry of this Confirmation Order by the Court constitutes approval of such assumption pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code.  To the extent any executory contract or unexpired lease is rejected pursuant to an order of the Court, any claim arising from such rejection (a "Rejection Claim") must be filed with the Court and served on counsel to the Debtors within thirty (30) days following the

10

earlier to occur of: (i) the rejection of such executory contract or unexpired lease or (ii) the

Effective Date.  Any Rejection Claim that is not filed and served within such time shall be

forever barred, and shall not share in any distributions under the Plan.  The Reorganized

Debtors shall have the right to object to any Rejection Claim.

### B.     IMPLEMENTATION OF THE PLAN

6.     On the Effective Date, the Debtors shall become the Reorganized Debtors.

7.     The Reorganized Debtors are authorized to enter into all documents, instruments

and agreements (the "Plan Implementation Documents"), including the documents in the Plan

Supplement and any amended Plan Supplement (and in the case of the Allonge, Lender specific

versions thereof) that have been approved by the Committee and the Lenders, and to undertake

any transactions reasonably necessary to effectuate the terms of the Plan.  The documents,

instruments and agreements contained in the Plan Supplement and any amended Plan

Supplement, once executed and delivered as of the Effective Date, shall be fully enforceable in

accordance with their terms.  The parties to each Plan Implementation Document are authorized

to make such non-material modifications to the Plan Implementation Document as they may

determine by mutual written agreement; provided, however, that no such modification shall be

inconsistent with the provisions of the Plan or this Order, and if there is any inconsistency

between any such modification and the Plan or this Order, the provisions of the Plan and this

Order shall control.

8.     To the extent issues, contests, or disputes relating to the Plan Implementation

Documents cannot be resolved by agreement, without any requirement by any party in interest to

file papers or provide further notice, the Court shall hold a hearing to resolve such issues,

contests and disputes on December 20, 2018 at 2:00 p.m. (E.S.T.).

751708

9.      The entry of this Confirmation Order shall not modify or discharge any claims

and Liens held by Rockland Trust Company as Collateral Agent under the *Eighth Interim Order*

*Granting (1) Use of Cash Collateral, (2) Replacement Liens, (3) Additional Adequate Protection,*

*And (4) Other Relief* (the "Eighth Cash Collateral Order") [doc. no. 546].  All such claims and

Liens shall be governed by the Eighth Cash Collateral Order and the documents executed by the

Debtors and Rockland Trust Company in conjunction with the Eighth Cash Collateral Order.

Any motion or dispute with respect to claims, Liens, fees, expenses, distributions and/or

discharge of Rockland Trust Company as Collateral Agent under the Eighth Cash Collateral

Order shall be heard on December 20, 2018 at 2:00 p.m. (E.S.T).

10.      This Confirmation Order shall be sufficient and conclusive evidence of the

validity, perfection, and (subject to Sections 1.3 and 1.66 of the Plan, respectively) priority of the

Additional Plan Liens and the GUC Lien without the necessity of filing or recording any

financing statement, deed of trust, preferred vessel mortgage, or other notice, instrument or

document, which might otherwise be required under the law of any jurisdiction or the taking of

any other action to validate or perfect the Additional Plan Liens or the GUC Lien.  Nothing in

this paragraph impairs or modifies the full lien and payment subordination of the Additional Plan

Lien and the GUC Lien to each Lender's first priority Liens on the Mortgaged Vessels; and the

subordination provisions of the Plan and the Plan Intercreditor Agreement, and the GUC

Intercreditor Agreement as to the Additional Plan Lien and the GUC Lien, as applicable, are

given full effect by this Confirmation Order.  The Lenders' Collateral Agent shall not take any

action to file or record any financing statement, deed of trust, preferred vessel mortgage, or other

notice, instrument or document, which might otherwise be required under the law of any

jurisdiction to otherwise validate or perfect the Additional Plan Liens; *provided, however, that*

751708

the Lenders' Collateral Agent may in its discretion, but is not required to, file a photocopy of this

Confirmation Order as a notice of the Additional Plan Lien or as a financing statement with any

recording officer designated to file or record financing statements or with any registry of deeds

or similar office in any jurisdiction in which any Debtor has real or personal property or that has

title, registration, or flag authority over any Vessel, including, without limitation, the U.S. Coast

Guard, and in such event, the recording officer shall be authorized to file or record such copy of

this Order.

11.    On the Effective Date, all property of each Estate shall re-vest in the respective

Reorganized Debtor.

12.    On the Effective Date, subject to the Plan and the Plan Implementation

Documents, the Lenders' Collateral Agent shall be Wilmington Savings Fund Society, FSB, and

the GUC Collateral Agent shall be Michael J. Daly, Esq.  If any Lender does not execute the

Lender Plan Intercreditor Agreement, (a) such Lender shall not be entitled to the benefits thereof,

including the Additional Vessel Lien, the Additional Plan Lien, and any distributions on account

thereof; and (b) the Lender Plan Intercreditor Agreement shall be in full force and effect among

the Lenders' Collateral Agent, the Debtors, and those Lenders who have executed it, with the

term "Lender" as used therein encompassing only those Lenders who are signatories to the

agreement, including for purposes of computing Pro Rata distributions to Lenders or the required

Lenders for any consent or action.

13.    Except as provided in, and unless expressly waived, released, compromised or

settled in this Confirmation Order, the Plan, any Non-Appealable Order, or in any contract,

document, instrument, release or other agreement entered into or delivered in connection with

this Plan, and in accordance with Section 1123(a)(5)(A) of the Bankruptcy Code: (a) any Claims,

13

demands, rights and Causes of Action that the Debtors or the Estates may hold against any

Person or entity are fully preserved and vest with the Reorganized Debtors; and (b) neither the

Debtors nor the Reorganized Debtors waive, relinquish, or abandon (nor shall they be estopped

or otherwise precluded from asserting) any right, Claim, cause of action, defense, or

counterclaim.  No preclusion doctrine, including, without limitation, the doctrines of *res*

*judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or

otherwise) or laches shall apply to the Debtors or the Reorganized Debtors by virtue of or in

connection with the confirmation, consummation of effectiveness of the Plan.

14.     Pursuant to Section 1146(a) of the Bankruptcy Code, neither the Debtors nor the

Reorganized Debtors may be taxed under any law imposing a stamp tax or similar tax for the

issuance, transfer or exchange of a security, or the making or delivery of an instrument of

transfer under a plan confirmed under Section 1129 of the Bankruptcy Code.

15.     The Reorganized Debtors will be responsible for timely payment of fees incurred

pursuant to 28 U.S.C. § 1930(a)(6) until the entry of a final decree in the Bankruptcy Case.  After

Confirmation of the Plan, the Reorganized Debtors will serve the United States Trustee and each

Lender with an unpaid Allowed Secured Claim with a monthly report for so long as the

Bankruptcy Case remains open.  The monthly report shall include the following:

a.     A statement of all disbursements made during the course of the quarter, whether or not pursuant to the Plan;

b.     A summary, by class, of amounts distributed or property transferred to each recipient under the plan, and an explanation of the failure to make any distributions or transfers of property under the plan;

c.     The Reorganized Debtors' projections as to its continuing ability to comply with the terms of the plan;

d.     A description of any other factors which may materially affect the Reorganized Debtors' ability to consummate the plan; and

14

e.       An estimated date when an application for final decree will be filed with the court (in the case of the final monthly report, the date the decree was filed).

16.      Santander Bank, N.A.'s ("Santander") JMC Secured Claim is entitled to the following treatment pursuant to this Order of the Court and Section 4.1(c)(ii) under the Plan: (a) accrued contract interest is hereby capitalized and added to the Principal Obligation of the JMC Secured Claim; (b) post-Effective Date contract interest will be payable monthly per the terms of the promissory note evidencing the JMC Secured Claim on the capitalized Principal Obligation amount; (c) Santander waives any default interest, late charges, or other fees accrued through the date of this Confirmation Order in connection with the JMC Secured Claim; (d) JMC will not be entitled to any additional advances under the Home Equity Line of Credit ("HELOC") with Santander underlying the JMC Secured Claim; (e) the HELOC will mature per the existing contract terms with the remaining balance of the JMC Secured Claim due on the maturity date; and (f) JMC's obligations as set forth herein with respect to the HELOC are deemed reaffirmed as of the Effective Date.

## C.    DISCHARGE AND INJUNCTION

17.      Except as otherwise expressly provided in Section 1141 of the Bankruptcy Code or in or as contemplated by the Plan, the distributions required to be made pursuant to and in accordance with the applicable terms and conditions of the Plan, and the obligations undertaken by the Debtors in the Plan and the Plan Implementation Documents, are in full and final discharge as against the Debtors and the Reorganized Debtors of any debt or obligation of the Debtors that arose before the Effective Date, and any debt of the Debtors of a kind specified in Section 502(g), 502(h), or 502(i) of the Bankruptcy Code, and all Claims against the Debtors or their Estates of any nature, including, without limitation, any setoff claims and/or any interest accrued on any Claim from and after the Petition Date, whether or not: (a) a proof of claim based

15

751708

on such debt, obligation or Equity Interest is filed or deemed filed under Section 501 of the

Bankruptcy Code, (b) such Claim is Allowed under Section 502 of the Bankruptcy Code, or (c)

the holder of such Claim has accepted the Plan; provided that, Mr. Cashman's discharge is

subject to the limitations set forth in Section 1141(d)(5) of the Bankruptcy Code.

18.    As of the Effective Date, all Persons are hereby permanently enjoined from

commencing, continuing or enforcing in any manner or in any place, any action or other

proceeding, whether directly, indirectly, derivatively or otherwise against the Debtors, their

Estates or the Reorganized Debtors, on account of, or respecting any Claims, debts, rights,

obligations, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent

expressly permitted under the Plan.

19.    Except as otherwise set forth in the Plan or in the Plan Implementation

Documents, neither the Debtors, the Reorganized Debtors, the Committee nor any of their

respective present or former members, managers, officers, directors, employees, general or

limited partners, advisors, attorneys, agents, successors or assigns, shall have or incur any

liability to any holder of a Claim or an Interest, or any other party in interest, or any of their

respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any

of their successors or assigns, for any act or omission in connection with, relating to, or arising

out of, the administration of these Bankruptcy Cases, the pursuit of confirmation of the Plan, the

Disclosure Statement, the consummation of the Plan, or the administration of the Plan or the

property to be distributed under the Plan occurring prior to the Effective Date, provided that the

terms of this paragraph 19 shall not apply to any liability for gross negligence, willful

misconduct or ultra vires acts.

751708

### D.    EFFECT OF CONFIRMATION ORDER.

20.    This Confirmation Order shall be binding upon and govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, Federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in any of the Reorganized Debtors assets.

21.    Each and every Federal, state, and local governmental agency, department or other entity is hereby directed to accept any and all documents and instruments necessary or appropriate to consummate the transactions contemplated by the Plan and this Confirmation Order.

22.    In addition to the jurisdiction reserved to the Court under the Plan, the Court shall retain jurisdiction: (a) to interpret and enforce the provisions of this Confirmation Order and the Plan, and each of the agreements and Lender Stipulations executed in connection with the Plan; (b) to interpret, implement and enforce the provisions of this Confirmation Order; and (c) to hear and determine any and all disputes between the Debtors and/or any creditor or party-in-interest arising out of or relating to this Confirmation Order and/or the Plan; provided, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction, or is without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

751708

23.     The terms and provisions of the Plan and this Confirmation Order shall be binding on and inure to the benefit of the Debtors, the Reorganized Debtors, the Estates and their respective affiliates, successors and assigns, including but not limited to any trustee that may be appointed in the Debtors' bankruptcy case, and shall be binding upon any trustee, any affiliate, any third party, and all persons asserting a Lien, Claim and/or interest against or in the Debtors and the Estates or all or any portion of the assets of the Debtors and the Estates.

24.     The failure to specifically include any particular provisions of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provisions.

### E.     MISCELLANEOUS.

25.     As soon as practicable after the Confirmation Date, the Reorganized Debtors (or their agents) shall give notice of the entry of this Confirmation Order, by United States first-class mail postage prepaid, by hand, or by overnight courier service to: (a) the United States Trustee, (b) each department, agency, or instrumentality of the United States that asserts a claim against the Debtors, (c) entities which requested notices under Bankruptcy Rule 2002, (d) all creditors who have filed proofs of Claim in the Bankruptcy Case, and (e) all creditors who are listed in the Debtors' Schedules who are not listed as holding contingent, un-liquidated or disputed claims (collectively the "Notice Parties").

26.     As soon as practicable after the Effective Date, the Reorganized Debtors (or their agents) shall give notice of the Effective Date, substantially in the form of Exhibit A to this Confirmation Order, to the Notice Parties, and shall file such notice with the Court, which shall fulfill the Debtors' obligation under Section 10.4 of the Plan.

27.     Within 15 day following the Effective Date, the Debtors shall file with this Court, and serve on each Lender, a Schedule of Agreed Lender Claims listing the Principal Obligation

751708

and Contract Interest of each Lender as of the Effective Date.  If the determination of an Agreed

Claim Lender's claim has been challenged or appealed, the Debtors shall so note in such

Schedule and shall file and serve an amended Schedule as soon as practicable after there is a

Final Order resolving the appeal.

28.      Notwithstanding anything to the contrary contained in this Confirmation Order,

no notice or service of any kind will be required to be mailed or made upon any Person to whom:

(a) the Debtors mailed a notice of the last date for filing proofs of claim in this Bankruptcy Case;

or (b) the Debtors mailed the Solicitation Package, but received any of such notices returned

marked "undeliverable as addressed," "moved - left no forwarding address," or "forwarding

order expired," or similar reason, unless the Debtors have been informed in writing by such

Person of that Person's new address.

29.      Mailing of the notices in the time and manner set forth in paragraphs 25 and 26 is

adequate and satisfies the requirements of Bankruptcy Rules 2002 and 3020(c), and no further

notice is necessary.

30.      This Confirmation Order shall be, and hereby is, deemed recordable in form and

any and all recording authorities, including the U.S. Coast Guard, are directed to accept this

Confirmation Order for filing.


_____
Hon. Melvin S. Hoffman
United States Bankruptcy Judge

Dated: December 14 , 2018

## **EXHIBIT A**

**NOTICE OF EFFECTIVE DATE**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

|  |  |
|---|---|
| **In re**<br><br>**CASHMAN EQUIPMENT CORP.,**[1]<br><br>    **Debtor** | **Chapter 11**<br><br>**Case No. 17-12205-MSH**<br><br>**Jointly Administered** |

**NOTICE OF (A) CONFIRMATION OF JOINT PLAN OF REORGANIZATION**
**OF CASHMAN EQUIPMENT CORP., CASHMAN SCRAP & SALVAGE, LLC,**
**SERVICIO MARINA SUPERIOR, LLC, CASHMAN CANADA, INC., MYSTIC**
**ADVENTURE SAILS, LLC, AND JAMES M. CASHMAN, (B) EFFECTIVE DATE,**
**AND (C) DEADLINES FOR FILING ADMINISTRATIVE EXPENSE CLAIMS,**
**PROFESSIONAL FEE CLAIMS, AND LEASE AND CONTRACT REJECTION CLAIMS**

**PLEASE TAKE NOTICE THAT**:

   1. *Confirmation of Plan*.  By order dated December ___, 2018 (the "Order"), the United States Bankruptcy Court for the District of Massachusetts (the "Court") confirmed the *Modified Third Amended Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman* (the "Plan") [doc. no. 1158].  The Order is available for inspection at the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, and/or copies of the Order may be obtained upon request to the Debtors' counsel, Murphy & King, Professional Corporation, One Beacon Street, Boston, Massachusetts, 02108, Attn: D. Ethan Jeffery, Esq., Michael K. O'Neil, Esq., Email: EJeffery@murphyking.com, MOneil@murphyking.com.

   2. *Effective Date; Distribution*.  The Effective Date (as defined in the Plan) occurred on **_____, 2018**.  Creditors holding Allowed Claims or Equity Interests against the Debtors' estates as of the distribution record date for purposes of the Plan, will be entitled to receive Distributions in accordance with the terms of the Plan.

   3. *Administrative Expense Claim Bar Date*.  In accordance with Paragraph 3 of the Order, any and all applications for reimbursement of expenses incurred before the Effective Date and all other requests or claims for payment of Administrative Expense Claims incurred before the Effective Date under Section 507(a)(1) or 507(b) of the Bankruptcy Code other than the Professional Fee Claims, shall be filed with the Bankruptcy Court on or before thirty (30) days after the Effective Date, *i.e.,* _____, 2018, (the "Administrative Expense Claim Bar Date") and must be

---

[1] The debtors in these jointly administered Chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

1

the subject of a request filed with the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, and served upon the undersigned counsel to the Debtors so as to be received by the Administrative Expense Claim Bar Date.  Any request for payment of an Administrative Expense Claim that is subject to the Administrative Expense Claim Bar Date and that is not filed and served on or before the Administrative Expense Claim Bar Date shall be forever barred; any party that seeks payment of Administrative Expense Claim and that (i) is required to file a request for payment of such Administrative Expense Claim and (ii) does not file and serve such a request by the deadline established herein shall be forever barred from asserting such Administrative Expense Claim against the Debtors, the Reorganized Debtors, the Debtors' estates or any of their respective properties.

4.    _Professional Fee Claims_.  In accordance with Paragraph 4 of the Order, all applications for final compensation and reimbursement of Professional Fee Claims incurred before the Effective Date shall be filed on or before thirty (30) days after the Effective Date, _i.e.,_ _____, 2018, (the "Professional Fee Claim Bar Date"), unless otherwise ordered by the Court, and must be filed with the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, and served upon the undersigned counsel to the Debtors, so as to be received by the Professional Fee Claim Bar Date.

5.    _Contract/Lease Rejection Claims_.  All Claims arising from the rejection of executory contracts or unexpired leases under the Plan must be filed with the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, and served upon the undersigned counsel to the Debtors on or before thirty (30) days following the earlier to occur of: (i) the rejection of such executory contract or unexpired lease or (ii) the Effective Date.  Any such Rejection Claim that is not filed and served within such time shall be forever barred, and shall not share in any Distributions under the Plan. The Reorganized Debtors shall have the right to object to any such Rejection Claim.

| | |
|---|---|
| Cashman Equipment Corp., Cashman Scrap & Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., and Mystic Adventure Sails, LLC, By their counsel | James M. Cashman, By his counsel, |
| /s/ D. Ethan Jeffery | /s/ Jeffrey D. Sternklar |
| Harold B. Murphy, Esq. (BBO #362610) D. Ethan Jeffery, Esq. (BBO #631941) MURPHY& KING, P.C. One Beacon Street Boston, MA 02108 Telephone:  (617) 423-0400 Email:  EJeffery@murphyking.com | Jeffrey D. Sternklar, Esq. (BBO# 549561) JEFFREY D. STERNKLAR, LLC 225 Franklin Street, 26th Floor Boston, MA 02110 Telephone: (617) 396-4515 Facsimile:  (617) 507-6530 Email:  jeffrey@sternklarlaw.com |

Dated: _____, 2018

2

751708