UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>**CASHMAN EQUIPMENT CORP.,** *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12205-MSH<br><br>Jointly Administered |

### STIPULATION REGARDING SWAP TERMINATION CLAIM

This stipulation (the "Stipulation") is entered into as of July 9, 2020, between Cashman Equipment Corp. ("CEC"), Servicio Marina Superior, LLC ("SMS"), Mystic Adventure Sails, LLC ("Mystic", and together with CEC and SMS the "Debtors"), and SummitBridge National Investments VII LLC ("SummitBridge", and together with the Debtors the "Parties" and each a "Party"). The Parties stipulate as follows:

#### RECITALS

A. On June 9, 2017 (the "Petition Date"), the Debtors and certain of their affiliates filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

B. Prior to the Petition Date, the Debtors and Santander Bank, N.A. ("Santander")

---

[1] The debtors in these jointly administered chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, as applicable, are Cashman Equipment Corp. (7969), Cashman Scrap & Salvage, LLC (6088), Servicio Marina Superior, LLC (6919), Mystic Adventure Sails, LLC (2137) and Cashman Canada, Inc. (1296).

83063546v.2

entered into certain loan agreements (collectively the "Loans") pursuant to which the Debtors borrowed money from Santander. The Loans are secured by certain vessels and related assets owned by the Debtors. In conjunction with the Loans, certain of the Debtors entered into four swap agreements with Santander (collectively the "Swap Agreements").

   C.  Following the Petition Date, Santander terminated the Swap Agreements and contended that, as a result of such early termination, and in addition to the other amounts owing in connection with the Loans, the Debtors owed Santander $429,527.50 (the "Swap Claim"). Santander filed proofs of claim (collectively the "Santander Claims") that included, among other amounts and obligations, the Swap Claim. *See* claim no. 13-2 in case no. 17-12204; claim no. 66 in case no. 17-12205; claim no. 11-2 in case no. 17-12207; and claim no. 3-2 in case no. 17-12208.

   D.  On November 2, 2018, the Debtors filed their *Modified Third Amended Joint Plan of Reorganization of Cashman Equipment Corp., Cashman Scrap and Salvage, LLC, Servicio Marina Superior, LLC, Cashman Canada, Inc., Mystic Adventure Sails, LLC, and James M. Cashman* (the "Plan") [doc. no. 1158]. In connection with the Plan, Santander and the Debtors entered into a *Stipulation Between Debtors and Santander Bank, N.A. Regarding Secured Claims* (the "Claim Agreement") [doc. no. 1231]. Under the Claim Agreement, the Debtors and Santander agreed that Santander would have an allowed secured claim in the amount of $27,305,204.59 (Twenty-Seven Million Three-Hundred and Five-Thousand Two Hundred and Four and 59/100 U.S. Dollars) (the "SummitBridge Allowed Claim"), exclusive of the Swap Claim. The Court entered an order confirming the Plan on December 14, 2018 [doc. no. 1254], and the Effective Date (as defined in the Plan) of the Plan was December 31, 2018. The Plan sets forth the treatment of the SummitBridge Allowed Claim, and incorporates the terms of the

2

Claim Agreement.

E. On August 12, 2019, the Debtors filed their *Objection to Santander Bank, N.A. Swap Breakage Claim* (the "Swap Objection") [doc. no. 1600], challenging the portion of Santander's claims allocable to the Swap Claim.  The Debtors did not object to the portions of Santander's claims that were allowed pursuant to the Claim Agreement and the Plan.

F. Following the filing of the Swap Objection, Santander assigned to SummitBridge all of its right, title and interest in the Loans, the SummitBridge Allowed Claim and the Swap Claim.

G. Subject to the approval of the Bankruptcy Court, the Parties have settled their disputes with respect to the Swap Claim and the Swap Objection, and have entered into this Stipulation to memorialize that agreement.

**NOW, THEREFORE,** the Parties, in consideration of the mutual covenants and promises set forth in this Stipulation, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, and subject only to the approval of the Bankruptcy Court, agree as follows:

1. In full and final satisfaction of the Swap Claim, the Debtors: (a) shall pay SummitBridge the sum of $50,000.00 within three (3) business days of the Approval Date (as defined below); and (b) an additional $50,000 payable over time, commencing on the first day of the first full month following the Approval Date and continuing monthly thereafter, all in accordance with the schedule attached as Exhibit A (the "Additional Swap Payments").

2. The Additional Swap Payments set forth in paragraph 1 of this Stipulation shall constitute a portion of the Allowed Secured Claim (as defined in the Plan) held by SummitBridge, as assignee and successor to Santander, which shall be secured with the same

3

priority and by the same collateral as the SummitBridge Allowed Claim. The amount of SummitBridge's Allowed Secured Claim shall be increased to include the Additional Swap Payments, though such Additional Swap Payments shall be separately amortized pursuant to the schedule set forth in Exhibit A hereto. Nothing in this Stipulation shall constitute a modification of the Plan or the Claim Agreement, and the Parties retain all of their rights and remedies under the Plan and Claim Agreement.

3. The terms of this Stipulation shall constitute an accord and satisfaction of the parties' dispute concerning the Swap Claim, and shall resolve the amount of the Swap Claim and the portion of the Swap Claim to be included in the SummitBridge Allowed Claim, and treated as an Allowed Secured Claim under the Plan.

4. In addition to their obligations under the Plan, and without modifying or limiting those obligations in any way, the Debtors shall, upon request, execute (and, where applicable, instruct its attorney-in-fact to execute) all documentation necessary to record in Mexico amendments to Santander's vessel mortgages to be filed by SummitBridge.

5. The term "Approval Date" shall mean (i) if no objection to this Stipulation is filed, the date on which an order approving this Stipulation has been entered by the Bankruptcy Court, (ii) if an objection to this Stipulation is filed, the date on which an order approving this Stipulation has been entered by the Bankruptcy Court, and as to which orders the time to appeal, petition for certiorari, or seek reargument or rehearing has expired and as to which no appeal or petition for rehearing or certiorari is pending or, if an appeal or petition for rehearing or certiorari has been timely filed or taken, the order or judgment has been affirmed by the highest court to which the order was appealed or the petition for rehearing or certiorari has been denied and the time to take any further appeal or to seek any rehearing or certiorari has expired.

6. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter. This Stipulation may not be changed or modified except in a writing signed by all of the Parties.

7. The Parties acknowledge the resolution set forth in this Stipulation to be a consensual resolution. Nothing contained in this Stipulation shall be considered as an admission of liability or wrongdoing by the Parties.

8. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

9. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile, electronic mail, and/or portable document format (".pdf").

10. Each of the Parties represents and warrants that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice, as a result of which the Parties acknowledge and agree: (a) that any rule of law that provides that ambiguities are to be construed against the party drafting this Stipulation shall not be employed in the interpretation of this Stipulation, and (b) that each is signing this Stipulation is entering into this Stipulation knowingly, voluntarily and of its own free will.

782502
83063546v.2

11. The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

12. This Stipulation shall have no force or effect unless it is approved by the Bankruptcy Court, but shall be binding upon the Parties' pending each court's consideration of this Stipulation.

Executed as a document under seal this 9th day of July, 2020.

| Cashman Equipment Corp., | SummitBridge National Investments VII LLC, |
|---|---|
| By: RAYMOND W. RIDDLE<br>Its: Senior Vice President | By:<br>Its: |
| Servicio Marina Superior, LLC, | Mystic Adventure Sails, LLC, |
| By: Raymond W. Riddle<br>Its: Senior Vice President | By: Raymond W. Riddle<br>Its: Senior Vice President |

782502
83063546v.2

11. The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

12. This Stipulation shall have no force or effect unless it is approved by the Bankruptcy Court, but shall be binding upon the Parties' pending each court's consideration of this Stipulation.

Executed as a document under seal this 9th day of July, 2020.

| Cashman Equipment Corp., | SummitBridge National Investments VII LLC, |
|---|---|
| By: <br> Its: | By: Scott Silver <br> Its: Authorized Signatory |
| Servicio Marina Superior, LLC, | Mystic Adventure Sails, LLC, |
| By: <br> Its: | By: <br> Its: |

6

# EXHIBIT A

06/17/2020 3:58 PM

## SWAP Settlement Amortized $50,000

| Computation Interval: | Monthly |
|---|---|
| Nominal Annual Rate: | 5.500% |

### Cash Flow Data - Loans and Payments

|   | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 08/01/2020 | 50,000.00 | 1 | | |
| 2 | Payment | 09/01/2020 | 335.70 | 52 | Monthly | 12/01/2024 |
| 3 | Payment | 01/01/2025 | 43,961.03 | 1 | | |

### TValue Amortization Schedule - U.S. Rule, 365 Day Year

|  | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 08/01/2020 | | | | 50,000.00 |
| 1 | 09/01/2020 | 335.70 | 229.17 | 106.53 | 49,893.47 |
| 2 | 10/01/2020 | 335.70 | 228.68 | 107.02 | 49,786.45 |
| 3 | 11/01/2020 | 335.70 | 228.19 | 107.51 | 49,678.94 |
| 4 | 12/01/2020 | 335.70 | 227.70 | 108.00 | 49,570.94 |
| **2020 Totals** | | **1,342.80** | **913.74** | **429.06** | |
| 5 | 01/01/2021 | 335.70 | 227.20 | 108.50 | 49,462.44 |
| 6 | 02/01/2021 | 335.70 | 226.70 | 109.00 | 49,353.44 |
| 7 | 03/01/2021 | 335.70 | 226.20 | 109.50 | 49,243.94 |
| 8 | 04/01/2021 | 335.70 | 225.70 | 110.00 | 49,133.94 |
| 9 | 05/01/2021 | 335.70 | 225.20 | 110.50 | 49,023.44 |
| 10 | 06/01/2021 | 335.70 | 224.69 | 111.01 | 48,912.43 |
| 11 | 07/01/2021 | 335.70 | 224.18 | 111.52 | 48,800.91 |
| 12 | 08/01/2021 | 335.70 | 223.67 | 112.03 | 48,688.88 |
| 13 | 09/01/2021 | 335.70 | 223.16 | 112.54 | 48,576.34 |
| 14 | 10/01/2021 | 335.70 | 222.64 | 113.06 | 48,463.28 |
| 15 | 11/01/2021 | 335.70 | 222.12 | 113.58 | 48,349.70 |
| 16 | 12/01/2021 | 335.70 | 221.60 | 114.10 | 48,235.60 |
| **2021 Totals** | | **4,028.40** | **2,693.06** | **1,335.34** | |
| 17 | 01/01/2022 | 335.70 | 221.08 | 114.62 | 48,120.98 |
| 18 | 02/01/2022 | 335.70 | 220.55 | 115.15 | 48,005.83 |
| 19 | 03/01/2022 | 335.70 | 220.03 | 115.67 | 47,890.16 |
| 20 | 04/01/2022 | 335.70 | 219.50 | 116.20 | 47,773.96 |
| 21 | 05/01/2022 | 335.70 | 218.96 | 116.74 | 47,657.22 |
| 22 | 06/01/2022 | 335.70 | 218.43 | 117.27 | 47,539.95 |
| 23 | 07/01/2022 | 335.70 | 217.89 | 117.81 | 47,422.14 |

06/17/2020 3:58 PM

## SWAP Settlement Amortized $50,000

|  | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 24 | 08/01/2022 | 335.70 | 217.35 | 118.35 | 47,303.79 |
| 25 | 09/01/2022 | 335.70 | 216.81 | 118.89 | 47,184.90 |
| 26 | 10/01/2022 | 335.70 | 216.26 | 119.44 | 47,065.46 |
| 27 | 11/01/2022 | 335.70 | 215.72 | 119.98 | 46,945.48 |
| 28 | 12/01/2022 | 335.70 | 215.17 | 120.53 | 46,824.95 |
| **2022 Totals** | | **4,028.40** | **2,617.75** | **1,410.65** | |
| 29 | 01/01/2023 | 335.70 | 214.61 | 121.09 | 46,703.86 |
| 30 | 02/01/2023 | 335.70 | 214.06 | 121.64 | 46,582.22 |
| 31 | 03/01/2023 | 335.70 | 213.50 | 122.20 | 46,460.02 |
| 32 | 04/01/2023 | 335.70 | 212.94 | 122.76 | 46,337.26 |
| 33 | 05/01/2023 | 335.70 | 212.38 | 123.32 | 46,213.94 |
| 34 | 06/01/2023 | 335.70 | 211.81 | 123.89 | 46,090.05 |
| 35 | 07/01/2023 | 335.70 | 211.25 | 124.45 | 45,965.60 |
| 36 | 08/01/2023 | 335.70 | 210.68 | 125.02 | 45,840.58 |
| 37 | 09/01/2023 | 335.70 | 210.10 | 125.60 | 45,714.98 |
| 38 | 10/01/2023 | 335.70 | 209.53 | 126.17 | 45,588.81 |
| 39 | 11/01/2023 | 335.70 | 208.95 | 126.75 | 45,462.06 |
| 40 | 12/01/2023 | 335.70 | 208.37 | 127.33 | 45,334.73 |
| **2023 Totals** | | **4,028.40** | **2,538.18** | **1,490.22** | |
| 41 | 01/01/2024 | 335.70 | 207.78 | 127.92 | 45,206.81 |
| 42 | 02/01/2024 | 335.70 | 207.20 | 128.50 | 45,078.31 |
| 43 | 03/01/2024 | 335.70 | 206.61 | 129.09 | 44,949.22 |
| 44 | 04/01/2024 | 335.70 | 206.02 | 129.68 | 44,819.54 |
| 45 | 05/01/2024 | 335.70 | 205.42 | 130.28 | 44,689.26 |
| 46 | 06/01/2024 | 335.70 | 204.83 | 130.87 | 44,558.39 |
| 47 | 07/01/2024 | 335.70 | 204.23 | 131.47 | 44,426.92 |
| 48 | 08/01/2024 | 335.70 | 203.62 | 132.08 | 44,294.84 |
| 49 | 09/01/2024 | 335.70 | 203.02 | 132.68 | 44,162.16 |
| 50 | 10/01/2024 | 335.70 | 202.41 | 133.29 | 44,028.87 |
| 51 | 11/01/2024 | 335.70 | 201.80 | 133.90 | 43,894.97 |
| 52 | 12/01/2024 | 335.70 | 201.19 | 134.51 | 43,760.46 |
| **2024 Totals** | | **4,028.40** | **2,454.13** | **1,574.27** | |
| 53 | 01/01/2025 | 43,961.03 | 200.57 | 43,760.46 | 0.00 |
| **2025 Totals** | | **43,961.03** | **200.57** | **43,760.46** | |
| **Grand Totals** | | **61,417.43** | **11,417.43** | **50,000.00** | |

06/17/2020 3:58 PM

SWAP Settlement Amortized $50,000

| ANNUAL PERCENTAGE RATE<br><br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br><br>The dollar amount the credit will cost you. | Amount Financed<br><br>The amount of credit provided to you or on your behalf. | Total of Payments<br><br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 5.500% | $11,417.43 | $50,000.00 | $61,417.43 |